## W. S. Ross & Wife v. Elijah C. Dimmit.

[Abstract Kentucky Law Reporter, Vol. 3—685.]

**Advancements.**

> The question of the ancestor's intentions will not control in determining what shall or shall not be deemed advancements, and in the settlement of a considerable estate the chancellor will not adjudge that small sums of monies, and beds, bedding, etc., given to children at the time of their marriage, are to be regarded as advancements made by the father.

### APPEAL FROM BRACKEN CHANCERY COURT.

March 2, 1882.

OPINION BY JUDGE PRYOR:

The question of intention on the part of the ancestor of these parties will not control in determining what should be deemed advancements; and possessed as he was of considerable estate, the chancellor will not adjudge that small sums of monies, beds, bedding, etc., given at the time of their marriage, or upon their

leaving home to seek their own fortunes, are to be regarded as advancements made. It was proper, as his son, James, had made improvements on the place that the parent evidently intended for him, that he should be allowed pay for his improvements when charged with costs. The heirs declined to let him have the land, and it was an equitable adjustment of his interests to allow him the enhancement of the value of the land by reason of his improvements as against the heirs interested, in his accounting for the use of the place. We do not understand from the report that he has been credited twice by the improvements in the settlement and division of the estate. As he was on the place and had lived there for years the chancellor directed that his share should be allotted to him so as to include the improvements, and in this allotment he obtains no greater share in value than the other children. The attention of the court below was not called to any particular item of interest improperly paid, and no exception seems to have been filed to any voucher offered by the administrator in these settlements. For the first time this court has been called to examine these vouchers and to pass on the propriety of allowing them, and if it exists it is too small to justify 'the cost of a reference back to the commissioner. We perceive no objection to the allowance of the attorney fee to Clark. It was a retainer as counsel in regard to the entire estate, and the sum of $150 was not too much.

We think on the whole case the judgment is proper and ought not to be disturbed. Judgment *affirmed.*

*W. H. Wadsworth, for appellant.*